```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEFFREY JORDAN, individually and on behalf of all others
similarly situated,
                                                            CIVIL ACTION NO.
                        Plaintiff,

            -against-                                       COMPLAINT

KRASDALE FOODS, INC.,

                        Defendant.
------------------------------------------------------------------------X
```

Plaintiff Jeffrey Jordan ("Jordan" or "Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the defendant, Krasdale Foods, Inc. ("Krasdale" or "Defendant"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.14.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendant conducts business through its employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff Jeffrey Jordan is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendant as a warehouse supervisor.

7. While employed with Defendant, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

9. Defendant Krasdale Foods, Inc. is a Delaware corporation authorized to do business in New York with its principal place of business located at 65 West Red Oak Lane, White Plains, New York 10604.

10. Krasdale is a grocery distributor with a warehouse in the Bronx, New York that services over 2,500 independent grocery locations in various states.

11. Krasdale, through an affiliated entity, also sells and distributes its own products at various locations in numerous states.

12. Krasdale is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

13. Defendant operates in interstate commerce and, upon information and belief, its revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

14. Defendant is subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

15. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of the Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

16. The FLSA Collective Plaintiffs consist of approximately eleven (11) similarly situated current and former employees of Defendant, who work or worked in excess of forty (40) hours per week and are victims of Defendant's common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

17. As part of its regular business practices, Defendant has intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all time worked in excess of forty (40) hours per week.

18. Defendant has engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

19. Defendant's unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

20. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and are locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

### Job Duties and Work Hours

21. Plaintiff was employed by Krasdale as a warehouse supervisor from on or about 2008 until on or about August 14, 2018.

22. As a warehouse supervisor, Plaintiff's job duties included, *inter alia*, opening and closing Krasdale's warehouse at the start and end of his workday; collecting payments from Krasdale's truck drivers; operating a forklift; overseeing the work of about twenty-five (25) employees; loading and unloading trucks; and sweeping, power hosing, and mopping Krasdale's warehouse.

23. During his employment as warehouse supervisor, Plaintiff reported to Krasdale's warehouse manager, "Benny."

24. Plaintiff did not have the authority to, nor was his recommendation requested or considered in, hiring employees.

25. Plaintiff did not have the authority to, nor was his recommendation requested or considered in, firing employees.

26. Plaintiff did not have the authority to, nor was his recommendation requested or considered in, disciplining employees.

27. From in or around August 2012 until in or around August 2016, Plaintiff regularly worked Sundays through Thursdays from 1:00 p.m. until 10:30 p.m., with two (2) daily breaks, which amounted to approximately forty-five (45) minutes per day. In addition to the aforementioned work hours, Plaintiff was also required to work an additional three (3) hours per day approximately three (3) times per week, for an average of approximately fifty-two and three-quarters (52.75) hours worked per week.

28. From in or around September 2016 until in or around July 2017, Plaintiff regularly worked Sundays through Thursdays from 8:00 p.m. until 5:15 a.m., with a daily thirty (30) minute break, for an average of approximately forty-three and three-quarters (43.75) hours worked per week.

29. From in or around August 2017 until in or around August 2018, Plaintiff regularly worked Sundays through Thursdays from 5:00 p.m. until 5:15 a.m., with a forty-five (45) minute break taken by Plaintiff twice per week, for an average of approximately fifty-nine and three-quarters (59.75) hours per week.

### **Compensation**

30. Throughout his employment with Defendant, Plaintiff was compensated at a fixed annual salary, regardless of the number of hours that Plaintiff worked each week.

31. From on or around August 14, 2012 until on or around August 14, 2013, Defendant paid Plaintiff an annual salary of $51,000.00.

32. From on or around August 15, 2013 until on or around August 14, 2014, Defendant paid Plaintiff an annual salary of $52,000.00.

33. From on or around August 15, 2014 until on or around August 14, 2015, Defendant paid Plaintiff an annual salary of $53,000.00.

34. From on or around August 15, 2015 until on or around August 14, 2016, Defendant paid Plaintiff an annual salary of $54,000.00.

35. From on or around August 15, 2016 until on or around August 14, 2017, Defendant paid Plaintiff an annual salary of $55,000.00.

36. From on or around August 15, 2017 until on or around December 31, 2017, Defendant paid Plaintiff an annual salary of $56,000.00.

37. From on or around January 1, 2018 until on or around March 31, 2018, Defendant paid Plaintiff an annual salary of $57,000.00.

38. From on or around April 1, 2018 until on or around August 14, 2018, Defendant paid Plaintiff an annual salary of $58,093.00.

39. Throughout their employment with Defendant, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees pursuant to the FLSA and the NYLL, and were entitled to receive overtime compensation.

40. However, despite routinely working more than forty (40) hours per week, Defendant failed to compensate Plaintiff and the FLSA Collective Plaintiffs at a rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

41. Instead, Defendant compensated Plaintiff and the FLSA Collective Plaintiffs at fixed salaries regardless of the number of hours worked per week, including all hours worked in excess of forty (40) hours per week.

42. Neither Plaintiff nor the FLSA Collective Plaintiffs supervised any employees, nor were they employed in executive, professional, administrative, or outside sales capacities.

43. As a result, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees under the FLSA and the NYLL.

44. Defendant knew or should have known that Plaintiff and the FLSA Collective Plaintiffs were routinely working more than forty (40) hours per week.

45. Despite its knowledge, Defendant failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime compensation for the hours that they worked over forty (40) per week.

46. Defendant's refusal to pay Plaintiff and the FLSA Collective Plaintiffs all wages owed to them is an intentional and willful violation of the federal and state wage and hour laws.

47. Plaintiff and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

48. Additionally, Plaintiff did not receive, at the time of hire or at any time thereafter, a notice containing his rates of pay and the designated payday, or any other information required by NYLL § 195(1).

49. Defendant further failed to furnish to Plaintiff, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

50. Defendant violated federal and state law by willfully failing to pay Plaintiff overtime compensation and failing to provide Plaintiff with the required wage and payroll notices.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(Overtime Violations under the FLSA)

51. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

52. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

53. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendant.

54. Throughout the relevant time period, Defendant knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a week.

55. Instead, Defendant compensated Plaintiff and the FLSA Collective Plaintiffs at fixed salaries regardless of the number of hours that they worked per week, including all hours worked in excess of forty (40) hours per week, and failed to provide Plaintiff and the FLSA Collective Plaintiffs with overtime compensation.

56. As a result of Defendant's violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendant all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

57. As Defendant did not have a good faith basis to believe that its failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of all wages due to them ("liquidated damages").

58. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendant on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Overtime Violations under the NYLL)

59. Plaintiff repeats and realleges all prior allegations set forth above.

60. Pursuant to the applicable provisions of NYLL § 650 *et seq.*, and 12 NYCRR § 142-2.2, Plaintiff was entitled to overtime compensation of one and one-half times his regular

hourly rate of pay, or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

61. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendant.

62. Throughout the relevant time period, Defendant knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) in a week.

63. As a result of Defendant's violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendant all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

64. As Defendant did not have a good faith basis to believe that its failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

65. Judgment should be entered in favor of Plaintiff and against Defendant on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, an order directing that if Defendant does not pay the judgment within ninety (90) days, the judgment shall increase by 15%, and such other legal and equitable relief as this Court deems just and proper.

### **AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Timely Pay Wages under the NYLL)

66. Plaintiff repeats and realleges all prior allegations set forth above.

67. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly not later than seven (7) calendar days after the end of the week in which the wages were earned.

68. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendant.

69. Throughout the relevant time period, Defendant failed to pay Plaintiff all wages earned, including overtime wages, for all hours worked in excess of forty (40) in a week, in violation of NYLL § 191(1)(a)(i).

70. As a result of Defendant's violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendant all wages due, liquidated damages, all reasonable attorneys' fees, interest, and costs.

71. Judgment should be entered in favor of Plaintiff and against Defendant on the Third Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, an order directing that if Defendant does not pay the judgment within ninety (90) days, the judgment shall increase by 15%, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Provide Payroll Notices Under the NYLL)

72. Plaintiff repeats and realleges all prior allegations.

73. Throughout the relevant time period, Defendant failed to furnish to Plaintiff, at the start of his employment or any time thereafter, a notice containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

74. As Defendant failed to provide Plaintiff with a notice required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

75. Judgment should be entered in favor of Plaintiff and against Defendant on the Fourth Cause of Action in the form of liquidated damages amounting to $50.00 per day in which the violation occurred, up to maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Provide Wage Statements Under the NYLL)

76. Plaintiff repeats and realleges all prior allegations

77. Throughout the relevant time period, Defendant failed to furnish to Plaintiff, with each wage payment, a statement listing: his rate or rates of pay and basis thereof; the number of regular and overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

78. As Defendant failed to provide Plaintiff with payroll notices as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

79. Judgment should be entered in favor of Plaintiff and against Defendant on the Fifth Cause of Action in the form of liquidated damages amounting to $250.00 per day for every day in which the violation occurred, up to maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

WHEREFORE Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

f) Interest;

g) Costs and disbursements; and

h) Such other and further relief as is just and proper.

Dated: New York, New York
       December 7, 2018

                                              */s/ Katherine Morales*
                                              Katherine Morales
                                              Katz Melinger PLLC
                                              280 Madison Avenue, Suite 600
                                              New York, New York 10016
                                              (212) 460-0047
                                              kymorales@katzmelinger.com
                                              *Attorneys for Plaintiff*