UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY JORDAN, *individually and on behalf of others similarly situated*,

                        Plaintiff,

– against –

KRASDALE FOODS, INC.,

                        Defendant.

**OPINION AND ORDER**

18 Civ. 11477 (ER)

Ramos, D.J.:

Jeffrey Jordan, on behalf of himself and others similarly situated,[1] brings the above-captioned action against Krasdale Foods, Inc., alleging failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), as well as several violations of New York Labor Law. Doc. 4. Currently before the Court is the parties' joint application for settlement approval, filed November 15, 2019. Doc. 21. For the reasons set forth below, the application is denied.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must "satisfy the Court that their agreement is 'fair and reasonable.'" *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and

---

[1] Although the action was filed as a putative collective action, the Court notes that certification was never granted, and the settlement agreement expressly resolves only those claims of the named plaintiff: Jeffrey Jordan. The agreement thus has no binding effect on any other potential member of the putative class.

expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (internal quotation marks omitted) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

The Settlement Agreement provides for a total settlement of $95,000, of which $63,002.77 will be apportioned to Jordan. Doc. 21, Ex. A ("Settlement Agreement") ¶ 3. The Court is satisfied that the parties have adequately justified the dollar amounts constituting the settlement. Jordan estimates that his maximum recovery is $298,757.06. Doc. 21 at 4. However, Jordan faced great risk at trial given that Defendants vociferously contest his allegations. *Id.* at 3–4. The Court finds that the explanation of how the payments have been reduced to account for litigation risks and potential defenses is reasonable. Additionally, the arms-length settlement was reached with the assistance of an experienced mediator. *Id.* at 5.

Regarding the reasonableness of attorneys' fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case–which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667 (PAE), 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). However, the parties have not provided any documentation to support the reasonableness of the proposed attorneys' fees. "In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" *Nights of Cabiria*, 96 F. Supp. 3d at 181 (quoting *Wolinsky*, 900 F. Supp. 2d at 336). "While there is a strong presumption that the 'lodestar' amount—that is, the number of attorney hours

reasonably expended times a reasonable hourly rate—represents a reasonable fee, the court may adjust the fee award upward or downward based on other considerations." *Wolinsky*, 900 F. Supp. 2d at 336. The present submission does not include any billing records documenting the fees. The Court is thus in no position to assess their reasonableness. *See Nights of Cabiria*, 96 F. Supp. 3d at 181–82.

Moreover, the Settlement Agreement provides that part of Jordan's settlement amount is to be reported on an IRS Form 1099, as opposed to on an IRS Form W-2. Settlement Agreement ¶¶ 3(a)–(b). However, "FLSA settlement represents an award of back pay and not also liquidated damages until the plaintiff is compensated for the wages allegedly owed." *Guzman v. Prodelca Corp.*, No. 16 Civ. 2637 (AJP), 2016 WL 4371631, at *1 (S.D.N.Y. Aug. 16, 2016). Therefore, to the extent the settlement amount for each claimant is "less than the full amount of alleged unpaid wages, all of the settlement payments to the plaintiff (after deduction of attorneys' fees and costs) must be on a taxable W-2 basis." *Id.* at *2. This allocation must be updated accordingly.

Finally, the parties reference a separate settlement agreement that they allege "does not affect any of the claims asserted by Plaintiff in this matter." Doc. 21 at 2 n.1. Courts have expressed concern that "absent an opportunity to review a separate settlement agreement . . . , the court has no way to determine whether the agreement contains other conditions relating to or otherwise affecting the FLSA claims that would be impermissible if executed in an FLSA settlement agreement." *Hotaranu v. Star Nissan Inc.*, No. 16 Civ. 5320 (KAM) (RML), 2018 WL 1136528, at *1 (E.D.N.Y. Feb. 27, 2018). This could conceivably "effect an end-run around *Cheeks* review," and, if such circumvention became standard practice, it could "effectively undermin[e] the courts' statutory obligation to oversee the settlement of FLSA claims." *Id.* at

3

*2. The parties are therefore directed to submit this second agreement to the Court for review.[2] "So long as the non-FLSA agreement's terms do not affect the FLSA claim, it will not be subject to a full *Cheeks* review. Absent its submission to the court, however, there would be no way for the court to verify the true scope of the second agreement." *Id.*

For the foregoing reasons, the Court will not approve the Agreement as currently written. The parties may proceed in one of the following ways:

1. On or before **February 5, 2020**, file a revised settlement agreement that amends the consideration clause; provide documentation to support the reasonableness of the attorneys' fees; and submit the second agreement for the Court's review; or

2. On or before **February 5, 2020**, file a joint letter that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

3. Stipulate to dismissal of the case *without* prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

SO ORDERED.

Dated: January 13, 2020
New York, New York

Edgardo Ramos, U.S.D.J.

---

[2] At the parties' request, the Court may review such document *in camera*, or, alternatively, the parties may choose to file it under seal.