EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JEFFREY JORDAN, individually and on behalf of all others
similarly situated,                                                          Civil Action No.
                               Plaintiff,                          1:18-cv-11477-ER

               -against-

KRASDALE FOODS, INC.,
                          Defendant.
-------------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

     Plaintiff Jeffrey Jordan ("Plaintiff" or "Jordan") and Defendant Krasdale Foods, Inc.

("Krasdale" or "Defendant" and, together with Plaintiff, "the Parties") hereby agree upon this

Settlement Agreement and Release ("Agreement") to settle all issues involved herein as follows:

1. **No Admission of Liability**. Defendant, as a part of this Agreement, does not admit any

   violation of law or any liability to Plaintiff as a result of or arising out of the matters set

   forth in the Complaint filed in the action entitled *Jeffrey Jordan v. Krasdale Foods, Inc.*,

   Civil Action No. 18-cv-11477 (ER), filed in the United States District Court for the

   Southern District of New York (the "Pending Action").

2. **Dismissal of Pending Action**. Plaintiff agrees that, upon executing this Agreement,

   Plaintiff, through his attorneys, shall execute and deliver to counsel for Defendant a

   Stipulation of Discontinuance with Prejudice of the Pending Action, with each party

   bearing its own fees and costs, in the form annexed hereto as **Exhibit A**. The Parties agree

   that counsel for Defendant will hold the Stipulation of Discontinuance with Prejudice in

   escrow, and will not file the Stipulation of Discontinuance with Prejudice with the Court

   unless and until the Court issues an Order approving the Agreement in its entirety, at which

time counsel for Defendant may file the Stipulation of Discontinuance with Prejudice with the United States District Court, Southern District of New York, without further notice. If the Court does not approve this Agreement, then the Parties agree to engage in good faith negotiations and make best efforts to modify this Agreement so as to obtain the Court's approval; and provided further that if, for any reason, the Court does not approve this Agreement and sign the Stipulation and Order of Dismissal, this Agreement shall immediately become null and void and of no further force or effect.

3. **Consideration**. Upon the full execution of this Agreement and the Stipulation of Discontinuance with Prejudice, Defendant agrees to pay Plaintiff the total sum of Ninety Five Thousand Dollars ($95,000.00) (the "Settlement Payment"). The Settlement Payment shall be allocated as follows:

    a.  One check to Jeffrey Jordan in the amount of Sixty-Three Thousand Two Dollars and 77/100 Cents ($63,002.77), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for unpaid wages; and

    b.  One check to Katz Melinger PLLC in the amount of Thirty-One Thousand Nine Hundred Ninety-Seven and 23/100 Dollars ($31,997.23), from which no withholdings shall be taken, and which shall be reported on an IRS Form 1099 as and for attorneys' fees in the amount of Thirty-One Thousand Five Hundred One and 39/100 Dollars ($31,501.39) and reimbursement for costs in the amount of Four Hundred Ninety-Five and 84/100 Dollars ($495.84).

4. **Timing of Payments**. Within five (5) business days of the Court's approval of this Agreement, Vedder Price shall deliver the Settlement Payment to counsel for Plaintiff, Katz Melinger PLLC, at 280 Madison Avenue, Suite 600, New York,

2

New York 10016.

5. **Default.** Should Defendant default in its obligations to make the Settlement Payment as set forth in this Agreement ("Default"), or should one or more checks be returned for insufficient funds, then Plaintiff, or his counsel, shall notify Defendant, through Defendant's counsel, of the Default in writing ("Notice of Default"). The Notice of Default shall be delivered to Defendant via its counsel, Jonathan Wexler, Esq, via email at jwexler@vedderprice.com and via USPS First Class Mail to Vedder Price, Attn: Jonathan Wexler, Esq., 1633 Broadway-31st Floor, New York, New York 10019. Delivery of the Notice of Default by either email or regular mail shall constitute receipt of the Notice of Default by Defendant. Defendant expressly acknowledges and agrees that Defendant's failure to timely cure the Default within five (5) days of receipt of the Notice of Default shall constitute a material breach of this Settlement Agreement ("Breach"). In the event of a Breach, the Parties agree that Plaintiff may immediately bring suit against Defendant for breach of this Settlement Agreement, without further notice, and shall be entitled to recover from Defendant, in addition to the unpaid portions of the Settlement Payment and statutory interest thereon, all reasonable attorneys' fees, costs, and disbursements incurred by Plaintiff which result from Plaintiff or his counsel's efforts to enforce this Agreement, including any efforts to enforce a judgment resulting from any lawsuit to enforce the terms of this Agreement. Such fees and costs shall begin to accrue as of the date that Notice of Default is delivered to Defendant.

6. **Indemnification.** Plaintiff agrees to indemnify and hold Defendant harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees that Defendant may incur as a result of Plaintiff's failure to pay any taxes on the

3

Settlement Payment. Plaintiff shall bear no responsibility for or in connection with Defendant's failure to make any employers' contributions to payroll taxes related to the Settlement Payment.

7. **Plaintiff's Release of Defendant.** In consideration of the promises and actions of Defendant set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendant's obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through him, Defendant, including its successors and assigns, corporate parent, divisions, subsidiaries, and affiliates, and their current and former officers, directors, employees, agents, representatives, insurers, and attorneys, of and from any and all claims for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act ("FLSA"), the New York Labor Law, the Wage Theft Prevention Act, and/or any local, state, or federal wage statute, code, or ordinance relating to wage and hour claims in the Pending Action (collectively referred to herein as the "Disputes").

It is expressly agreed and acknowledged that Plaintiff is not, by this Agreement, releasing Defendant from, any claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever arising under any federal, state or local statute or regulation other than those concerning the Disputes that Plaintiff may or may not have against Defendant, including Plaintiff's rights to enforce the terms of this Agreement. It is further

4

expressly agreed and acknowledged that the Disputes do not include, and Plaintiff is therefore not releasing, any claims or rights which as a matter of law cannot lawfully be waived or released, including but not limited to filing a claim for physical injury made pursuant to New York's Workers' Compensation Law or from filing a claim for unemployment benefits.

8. **Neutral References.** Defendant agrees that, in response to any reference request concerning Plaintiff, Defendant shall only provide Plaintiff's dates of employment and job title from his employment with Defendant. Plaintiff shall inform any prospective employer to direct all such reference requests to Bernie Patton.

9. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, without regard to its choice of law considerations, and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

10. **Severability.** Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

5

11. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically enumerated above.

12. **Voluntary Settlement.** Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord.

13. **Venue.** The parties hereto acknowledge that this Agreement is enforceable only in the federal and state courts of New York. Plaintiff and Defendant hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Southern District of New York, and hereby specifically authorizes any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Southern District of New York, or any other court or agency of proper jurisdiction in the State of New York.

14. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

15. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

6

16. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

17. **Retention of Jurisdiction.** The Parties shall jointly request that the United States District Court for the Southern District of New York retain jurisdiction over the Pending Action for purposes of enforcing the terms of this Agreement.

18. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

19. **Plaintiff understands, represents, and agrees that he:**

    a. Has carefully read and fully understood all of the provisions of this Agreement;

    b. Is, through this Agreement, releasing Defendant from any and all wage and hour claims that Plaintiff may have against Defendant;

    c. Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

    d. Knowingly and voluntarily intends to be legally bound by this Agreement;

    e. Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

    f. Is duly authorized and has full authority to execute this Agreement.

Dated: **30** day of January, 2020

Jeffrey Jordan

Dated: ___ day of _____, 2020

Krasdale Foods, Inc.

_____

By:
Title:

7

16. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

17. **Retention of Jurisdiction.** The Parties shall jointly request that the United States District Court for the Southern District of New York retain jurisdiction over the Pending Action for purposes of enforcing the terms of this Agreement.

18. **Number.** The use of the singular form of any word herein includes the plural and vice versa.

19. **Plaintiff understands, represents, and agrees that he:**

    a.  Has carefully read and fully understood all of the provisions of this Agreement;

    b.  Is, through this Agreement, releasing Defendant from any and all wage and hour claims that Plaintiff may have against Defendant;

    c.  Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

    d.  Knowingly and voluntarily intends to be legally bound by this Agreement;

    e.  Was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

    f.  Is duly authorized and has full authority to execute this Agreement.

Dated: ___ day of _____, 2020

_____
Jeffrey Jordan

Dated: 30th day of _January_ , 2020

Krasdale Foods, Inc.

By: Thomas Cunningham
Title: VP-CFO

7

# EXHIBIT A

NEWYORK/#550360.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
JEFFREY JORDAN, individually and on behalf of all others
similarly situated,,

                                      Plaintiff,

                                 -against-

KRASDALE FOODS, INC.,

                                Defendant.
-----------------------------------------------------------------------------X

Civil Action No.
18-cv-11477-ER

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on December 10, 2018, Plaintiff filed a Complaint which asserts claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); and the New York Labor Law ("NYLL");

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms' length negotiations and have entered into a Settlement Agreement and Release, filed on the Court's docket (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA; the NYLL; and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the parties, and ordered by this Court, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of

9

Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an

original signature.

Dated: New York, New York

      30th day of _January_____, 20 _20_

Katherine Morales, Esq.
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Email: kymorales@katzmelinger.com
*Attorneys for Plaintiff*

Jonathan A. Wexler, Esq.
Vedder Price P.C.
1633 Broadway – 31st Floor
New York, New York 10019
Telephone: (212) 407-7732
Email: jwexler@vedderprice.com
*Attorneys for Defendant*

So Ordered:

_____
Edgardo Ramos, U.S.D.J.