**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JEFFREY JORDAN, *individually and on behalf of others similarly situated*,

                          Plaintiff,

– against –

KRASDALE FOODS, INC.,

                          Defendant.

**ORDER**

18 Civ. 11477 (ER)

---

Ramos, D.J.:

On November 15, 2019, the parties submitted an application to the Court for preliminary settlement approval.[1] Doc. 21. On January 13, 2020, the Court declined to approve the agreement without prejudice because: (1) the parties had failed to submit documentation regarding the attorney's fees calculations for Plaintiff's counsel; (2) the settlement agreement provided for an inappropriate tax allocation of Jordan's award; and (3) the Court was unable to confirm whether a referenced second agreement properly excluded the FLSA claims. Doc. 23.

In response to the Court's Order, the parties submitted an amended motion and revised settlement agreement. Doc. 24. With this amended motion, the parties submitted records supporting a lodestar calculation of $30,362.50. Doc. 24, Ex. 2. This lodestar adequately supports Plaintiff's counsel's fee of $31,501.39. *See, e.g.*, *Chamoro v. 293 3rd Café Inc.*, No. 16 Civ. 339 (PAE), 2016 WL 5719799, at *5 (S.D.N.Y. Sept. 30, 2016) (approving a 1.38 multiplier of the lodestar). The revised settlement agreement also provides that the entirety of the award

---

[1] The Court assumes familiarity with the record and its prior Order, which details the facts and procedural history of this case. *See* Doc. 23.

will be reported on an IRS Form W-2. Doc. 24, Ex. 1 ¶ 3(a); *see Guzman v. Prodelca Corp.*, No. 16 Civ. 2637 (AJP), 2016 WL 4371631, at *2 (S.D.N.Y. Aug. 16, 2016) ("[W]here an FLSA plaintiff receives in a settlement less than the full amount of alleged unpaid wages, all of the settlement payments to the plaintiff (after deduction of attorneys' fees and costs) must be on a taxable W-2 basis."). Finally, after reviewing the parties' second agreement, the Court can confirm that it properly exempts Jordan's FLSA claims. *See Hotaranu v. Star Nissan Inc.*, No. 16 Civ. 5320 (KAM) (RML), 2018 WL 1136528, at *1 (E.D.N.Y. Feb. 27, 2018) (collecting cases and noting that "separate settlement agreements of non-FLSA claims in a combined FLSA/non-FLSA action would not *generally* be subject to court approval, insofar as their terms concerned only the non-FLSA claims").

Accordingly, the Court finds that the revised settlement agreement comports with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and approves the agreement. The Court hereby dismisses the case with prejudice. The Clerk of Court is respectfully directed to terminate the motion, Doc. 24, and to terminate the case.

SO ORDERED.

Dated:  February 24, 2020
        New York, New York

                                                        _____
                                                        Edgardo Ramos, U.S.D.J.